IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

**AMANDA J. BUCK**
W4812 County Road A
Lily, WI 54491

  Plaintiff,

v.

**KONOP REFRIGERATION, INC.**
2733 South Ridge Road
Green Bay, WI 54304

  Defendant.

Case No.: 25-cv-1912

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

Plaintiff, Amanda J. Buck, through her attorneys, Hawks Quindel, S.C., by Nicholas E. Fairweather and Benjamin D. Edelstein, for her Complaint against Defendant, Konop Refrigeration, Inc., states and alleges as follows:

### NATURE OF ACTION

1. Plaintiff, Amanda J. Buck, brings this action against Defendant, Konop Refrigeration, Inc., for violations of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et. seq.* ("ADA").

### JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case involves federal questions under the ADA.

3. Venue is proper in the Eastern District of Wisconsin under 28 U.S.C. § 1391(b) and 42 U.S.C. §§ 12117(a), 2000e-5(f)(3) because all acts or omissions giving rise to this claim occurred in this District.

4. The Court has personal jurisdiction over Defendant because Defendant's principal offices are located in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff timely filed a Complaint of Discrimination on the basis of her disabilities with the Equal Employment Opportunity Commission ("EEOC") on July 1, 2023, within three hundred (300) days after the unlawful employment practices occurred as described herein.

6. Prior to filing this Complaint, Plaintiff received a Notice of Right to Sue from the EEOC dated September 8, 2025. This action is brought within ninety (90) days of Plaintiff's receipt of said Notice. A true and correct copy of the Notice of Right to Sue is attached hereto as **Exhibit A.**

## PARTIES

7. Plaintiff, Amanda J. Buck ("Ms. Buck"), is an adult resident of the State of Wisconsin residing at W4812 County Road A, Lily, Wisconsin 54491.

8. Defendant, Konop Refrigeration, Inc. ("Konop"), is a Wisconsin business with its principal offices located at 2733 South Ridge Road, Green Bay, WI 54304.

9. Defendant is an "employer" engaged in an industry affecting commerce pursuant to 42 U.S.C. §§ 12111(5), (7) for purposes of the ADA.

10. Defendant is a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## FACTUAL ALLEGATIONS

11. Ms. Buck began her employment with Defendant in September 2021.

12. Defendant terminated Ms. Buck's employment on June 12, 2023.

13. At the time of her termination, Ms. Buck was employed as a Billing Specialist.

14. Ms. Buck is disabled as that term is defined by the ADA. She suffers from multiple chronic medical conditions, including trigeminal neuralgia, occipital neuralgia, glossopharyngeal neuralgia, bipolar disorder, generalized anxiety disorder, attention deficit hyperactivity disorder, post-traumatic stress disorder, rheumatoid arthritis, and Chiari malformation.

15. Ms. Buck's disabilities substantially limit one (1) or more major life activities, including through chronic and debilitating migraine symptoms.

16. Ms. Buck disclosed her disabilities at the time of hire and requested accommodations for her chronic migraines, including a flexible work schedule, unpaid time off, and the ability to work remotely.

17. Defendant initially approved these requested accommodations.

18. Defendant did not subsequently attempt to engage in an interactive process with Ms. Buck to identify additional or continued reasonable accommodations.

19. Ms. Buck purchased some of her own specialized equipment because Defendant did not provide the accommodations she requested.

20. In September 2022, Ms. Buck informed Defendant that she would undergo a medical procedure requiring a two (2) month leave of absence. She began unpaid leave on September 15, 2022.

21. When Ms. Buck returned from medical leave in November 2022, she learned that Defendant had unilaterally rescinded all of her previously approved accommodations.

22. Although Ms. Buck sought to return to full-time employment, Defendant pressured her to work part-time and refused her subsequent requests to resume full-time status.

23. Throughout December 2022, January 2023, and February 2023, Defendant required Ms. Buck to work part-time and reduced her paid-time-off and insurance benefits.

24. Following her return to work in November 2022 through June 2023, Ms. Buck repeatedly requested accommodations, including remote-work arrangements, additional PTO, necessary equipment, and scheduling flexibility for medical appointments. Defendant denied each request without engaging in any interactive process.

25. As a result of Defendant's refusal to accommodate her disabilities, Ms. Buck was forced to discontinue treatment with three (3) medical providers because her schedule no longer permitted attendance at required appointments.

26. In early March 2023, Ms. Buck notified Defendant that in-office attendance aggravated her disabilities. Shortly thereafter, Defendant made in-office attendance mandatory for her department on or around March 27, 2023, and mandatory for the entire office on or around March 28, 2023.

27. In March 2023, Ms. Buck learned that she was being paid less than similarly situated co-workers who, on information and belief, were not disabled, and who had less experience than Ms. Buck.

28. Ms. Buck raised concerns regarding her reduced hours, the denial of her accommodation requests, and her lower wages; Defendant subjected her to unwarranted hostility and heightened scrutiny.

29. On June 5, 2023, Defendant placed Ms. Buck on a Performance Improvement Plan ("PIP"), citing vague and unsupported performance concerns as well as her protected wage inquiries.

30. On June 12, 2023, Defendant terminated Ms. Buck's employment.

### PLAINTIFF'S FIRST CAUSE OF ACTION: FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

31. Ms. Buck re-alleges and incorporates herein by reference the above numbered paragraphs.

32. Ms. Buck is a qualified individual with a disability who at all relevant times had been capable of performing the essential functions of the position she held with Defendant with or without reasonable accommodations.

33. Ms. Buck had formal accommodations in place calling for, among other things, a flexible work schedule, unpaid time off, and the ability to work remotely.

34. Defendant failed to honor these accommodations in violation of the ADA.

35. Defendant failed to engage in the interactive process in any meaningful way to determine the precise limitations of Ms. Buck's disabilities and what accommodations would allow her to perform the essential functions of her position.

36. As a direct and proximate result of Defendant's unlawful retaliatory actions, Ms. Buck has suffered and continues to suffer damages, including compensatory damages, such as emotional distress, stress, pain, suffering and humiliation, as well as other pecuniary and non-pecuniary losses.

37. Defendant's conduct was undertaken with malice and in reckless disregard to the rights of Ms. Buck under the ADA.

## PLAINTIFF'S SECOND CAUSE OF ACTION: RETALIATION IN VIOLATION OF THE ADA

38. Ms. Buck re-alleges and incorporates herein by reference the above numbered paragraphs.

39. Ms. Buck is a qualified individual with a disability who at all relevant times had been capable of performing the essential functions of the position she held with Defendant with or without reasonable accommodations.

40. Ms. Buck engaged in protected activity when she repeatedly requested reasonable accommodations.

41. Ms. Buck engaged in protected activity by complaining about discriminatory treatment based on her disabilities and her requests for reasonable accommodations. Specifically, Ms. Buck reported that her hours were being reduced, her accommodation requests were denied, and she was paid a lower wage than similarly situated co-workers.

42. As a direct and proximate result of Defendant's unlawful retaliatory actions, Ms. Buck has suffered and continues to suffer damages, including compensatory damages, such as emotional distress, stress, pain, suffering and humiliation, as well as other pecuniary and non-pecuniary losses.

43. Defendant's conduct was undertaken with malice and in reckless disregard to the rights of Ms. Buck under the ADA.

## PLAINTIFF'S THIRD CAUSE OF ACTION: DISPARATE TREATMENT IN VIOLATION OF THE ADA

44. Ms. Buck re- alleges and incorporates herein by reference the above numbered paragraphs.

45. Ms. Buck is a qualified individual with a disability who at all relevant times had been capable of performing the essential functions of the position she held with Defendant with or without reasonable accommodations.

46. Defendant discriminated against Ms. Buck because of her disability by cutting her hours and paying her a lower wage on the basis of her disabilities.

7

47. As a direct and proximate result of Defendant's unlawful retaliatory actions, Ms. Buck has suffered and continues to suffer damages, including compensatory damages, such as emotional distress, stress, pain, suffering and humiliation, as well as other pecuniary and non-pecuniary losses.

48. Defendant's conduct was undertaken with malice and in reckless disregard to the rights of Ms. Buck under the ADA.

## PLAINTIFF'S FOURTH CAUSE OF ACTION: TERMINATION IN VIOLATION OF THE ADA

49. Ms. Buck re-alleges and incorporates herein by reference the above numbered paragraphs.

50. Ms. Buck is a qualified individual with a disability who at all relevant times had been capable of performing the essential functions of the position she held with Defendant with or without reasonable accommodations.

51. Defendant discriminated against Ms. Buck in violation of the ADA by terminating her employment because of her disabilities.

52. As a direct and proximate result of Defendant's unlawful retaliatory actions, Ms. Buck has suffered and continues to suffer damages, including compensatory damages, such as emotional distress, stress, pain, suffering and humiliation, as well as other pecuniary and non-pecuniary losses.

53. Defendant's conduct was undertaken with malice and in reckless disregard to the rights of Ms. Buck under the ADA.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff, Amanda Buck, respectfully requests judgment against Defendant as follows:

A. Compensatory and punitive damages for past and future losses resulting from the unlawful employment practices, including emotional pain and suffering;

B. Ms. Buck's costs in this action, including her reasonable attorneys' fees, litigation expenses, and costs; and

C. Such other legal and equitable relief as this Court deems just and proper, including reinstatement to the position in which Ms. Buck would now be employed but for the unlawful termination.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated this 4th day of December, 2025.

> By: *s/ Nicholas E. Fairweather*
> Nicholas E. Fairweather
> State Bar No.: 1036681
> Benjamin D. Edelstein
> State Bar No.: 1118737
> Attorneys for Plaintiff, Amanda Buck
> **Hawks Quindel, S.C.**
> 409 East Main Street
> Post Office Box 2155
> Madison, Wisconsin 53701-2155
> Telephone: (608) 257-0040
> Email: nfairweather@hq-law.com
> Email: bedelstein@hq-law.com